# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Chief Warrant Officer Two STEVEN J. SPENCER**
**United States Army, Appellant**

ARMY 20120165

Headquarters, Fort Hood
Patricia H. Lewis, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Captain Ian M. Guy, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain T. Campbell Warner, JA (on brief).

30 September 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of four specifications of aggravated sexual contact with a child, indecent liberty with a child, and two specifications of conduct unbecoming an officer and gentleman, in violation of Articles 120 and 133, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 933 (2006 & Supp. III) [hereinafter UCMJ].  The military judge sentenced appellant to a dismissal, confinement for nine years, and forfeiture of all pay and allowances.  The convening authority approved only so much of the sentence as provided for a dismissal and nine years of confinement.[1]

---

[1] The convening authority also deferred the adjudged and automatic forfeitures of all pay and allowances until action.  At action, the convening authority waived the automatic forfeiture of all pay and allowances for a period of six months and directed that these funds be paid to appellant's wife.

This case is before us pursuant to Article 66, UCMJ. Appellant raises two assignments of error, both of which merit discussion and relief.[2]

*Dilatory Post-Trial Processing*

Appellant's trial concluded on 16 February 2012. The record of trial was not transcribed and provided to the military judge for authentication until 12 March 2013. The convening authority took initial action on this case on 23 May 2013, but withdrew this initial action and again took action on this case on 3 July 2013.

Similar to his complaint in his Rule for Courts-Martial 1105 submission, appellant now claims the lengthy post-trial processing of this case warrants relief. We agree.

Despite an absence of a showing of prejudice in this case, we find thirteen months from trial until authentication of a 162-page record of trial is too long, and we will grant two months of confinement relief in our decretal paragraph. *See United States v. Collazo*, 53 M.J. 721 (Army Ct. Crim. App. 2000).

*Providence to "On Divers Occasions"*

In Specification 4 of Charge I, appellant was charged with and convicted of committing aggravated sexual contact with a child on divers occasions. Similarly both Specification 1 and Specification 2 of Charge II allege appellant engaged in conduct unbecoming an officer and a gentleman on divers occasions. When discussing the elements of each of these three specifications, the military judge never listed or defined the term "on divers occasions." To make matters worse, during the providence inquiry regarding Specification 4 of Charge I and Specification 1 of Charge II, appellant only discussed single acts of misconduct with respect to these particular specifications.

Although the stipulation of fact does mention multiple occasions for each of these three specifications, the military judge never ensured appellant understood the term, "on divers occasions," nor did she clarify any inconsistency between the courses of misconduct chronicled in the stipulation of fact and appellant's admissions at trial of lone acts of misconduct pertaining to each specification. *See United States v. Phillippe*, 63 M.J. 307, 309 (C.A.A.F. 2006) ("If an accused sets up matter inconsistent with the plea at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the guilty plea.")

---

[2] Appellant also personally raises several issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merits discussion or relief.

(internal quotation marks and citations omitted); UCMJ art. 45(a). Accordingly, we will disapprove so much of the findings of guilty as provides for "on divers occasions" in these three specifications and reassess the approved sentence.

*Conclusion*

The court affirms only so much of Specification 4 of Charge I and Specifications 1 and 2 of Charge II as finds that appellant engaged in each respective offense on a single occasion. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles and non-exhaustive list of factors articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

Here, all four enumerated *Winckelmann* factors support our ability to reassess appellant's sentence. 73 M.J. at 15-16. First, the modified findings of guilty with respect to Specification 4 of Charge I and Specifications 1 and 2 of Charge II do not result in a change in the penalty landscape or appellant's punitive exposure. The maximum sentence to confinement remains the same as at trial. Considering factor two, appellant was sentenced by a military judge alone. As for factor three, we find the nature of the remaining offenses—including those specifications as amended by our decision—captures the gravamen of the offenses of which appellant was initially convicted. Finally, regarding the fourth factor, the remaining offenses are the type of offenses with which we have the experience and familiarity to reliably determine what sentence would have been imposed.

Reassessing the sentence on the basis of the error noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), we are confident the military judge would have sentenced appellant to at least a dismissal and confinement for eight years and ten months. Therefore, after considering the entire record, to include the dilatory post-trial processing, the court AFFIRMS only so much of the sentence as provides for a dismissal and confinement for eight years and eight months. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court